IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MINKA LIGHTING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-995-K |
| | § | |
| MAXIM LIGHTING INTERNATIONAL, INC., et. al. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties claim construction briefs (Doc. No. 45 and Doc. No. 47). After conducting a *Markman* hearing, considering oral argument, and reviewing the parties' briefs and related filings, this Court construes the disputed claims according to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

**I. Background**

Plaintiff Minka Lighting, Inc. ("Plaintiff") sued Defendants Maxim Lighting International, Inc., Maxim Lighting, Inc., and Maxim Group Companies ("Defendants") alleging, among other things, that Defendants infringed Plaintiff's design patents relating to various lighting fixtures. Specifically, Plaintiff asserts four design patents against Defendants: U.S. Patent Nos. D455,515 ("'515 patent"), D461,766 ("'766 patent"), D461,591 ("'591 patent"), and D535,052 ("'052 patent").

Patent infringement cases require a two-step analysis. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). The first step is claim construction. *Id.* Claim construction, a question of law for the court to decide, requires the Court to

1

determine the meaning and scope of the claims. *Id.* In the second step, the fact finder compares the properly construed claims to the allegedly infringing device. *Markman*, 52 F.3d at 976. Only the first issue, claim construction, is currently before the Court.

At issue is the proper claim construction for four design patents. A design patent is defined by the content of its drawing; the proper construction of a design patent focuses on the overall visual impression of its ornamental, novel features. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104 (Fed. Cir. 1996). A design patent protects the non-functional aspects of an ornamental design as shown in the patent. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995); *KeyStone Retaining Wall Sys. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993). The novelty of a claimed design is determined by the non-functional features of the claimed design which are not found in the prior art. *Minka Lighting, Inc. v. Craftmade Intern., Inc.*, 2001 WL 1012685, *7 (N.D. Tex. 2001). In construing a design patent claim, the Court should resolve the parties disputes regarding claim construction according to its own observation of the design aided by whatever other submissions the Court chooses to consider. *See id.* at *16. Ultimately, the Court's construction should translate the drawing into a written description that evokes the visual image of the claimed design. *Durling*, 101 F.3d at 103).

## II. Claim Construction

The Court considers the claim of each design patent and construes each claim in turn.

### A. '515 Patent

The claim of the '515 patent is "[t]he ornamental design for the lamp housing, as shown and described." The design of the lamp housing in the '515 patent is a combination of a top finial, a body, and a lower medallion. The top finial has two sections with a substantially bell-shaped upper section covered in a plurality of evenly spaced ornamental leaves and a lower flared section tapering from top to bottom. The lower tapered section of the top finial abuts an upper most ring of the design's body. The body has a cap that is substantially bell shaped with three circular rings at its top section. Below the body cap is a band having a horizontal ridge that fits into the bell-shaped cap; below the horizontal ridge is a tapered convex ridge that flows into a second horizontal ridge. Below the second horizontal ridge is a tapered concave ridge that encloses the upper portion of the caged body. The caged body portion includes a vase-shaped globe with four vertical bars having vertical ridges extending from the circular band of the body cap to the lower medallion and curved to outline the shape of the glass globe. The lower medallion has concave sides with a wider diameter at a top end and tapering to a smaller diameter at a lower end.

### B. '766 Patent

The claim of the '766 patent is [t]he ornamental design for the lamp housing, as shown and described." The design of the lamp housing in the '766 patent is a combination of a rippled umbrella-shaped cap atop a pedestal, a body, and a base. Extending from the tip of the cap is an attachment through which an upwardly extending ring is provided. The pedestal extends downwardly from the inside of the cap

3

to the upper portion of the body. The body has an upper pyramid shaped cap with four flat sides, a square base and a circular upper portion upon which the pedestal sits. Extending downwardly from the base of the pedestal and along each of the four faces of the pyramid-shaped cap is a decorative leaf. The body has a lower inverse shaped pyramid with a square top, a square bottom and four glass sides. The square top extends outwardly from and frames the top of the body. A lower square rim extends from and frames the bottom of the body. Each side of the inverse shaped pyramid has a curved design. Extending upwardly from each corner of the square top is a squatty, concave cylinder with a ball resting on its top. Extending downwardly from the square bottom is a base that includes four flat rectangular scrolls. The top end of each scroll connects to the corner of the body's square bottom. Each scroll extends downward and inward from the body section to a lower center point. A decorative center pole connects the center of the square bottom to the center point. A lower finial extends downward from the lower ends of the scrolls. The lower finial is comprised of several identical leaf-like ornaments terminating in a center ball.

### C. '591 Patent

The claim of the '591 patent is [t]he ornamental design for the lamp support arm, as shown and described." The design of the lamp support arm in the '591 patent is a candy cane-shaped scroll having a visible square cross section along its length. The upper end is substantially closed and has an ornamental extension that provides a decorative cap extending downwardly from the closed upper end. The center portion is substantially straight. The lower end is substantially open. Each end is approximately

ball shaped, and has a decorative petal or leaf feature located near each end that flares outwardly from the scroll.

### D. '052 Patent

The claim of the '052 patent is [t]he ornamental design for a light globe, as shown and described." The design of the light globe in the '052 patent is a combination of an upper portion, a central body, and a base. The upper portion's rim is open and flares outwardly. The outer surface of the upper portion contains a plurality of vertical, rounded rectangular ridges separated evenly by spaced recesses around its circumference. The upper portion has a rounded ridge at its lower edge that abuts the central body. The central body is tulip shaped; its surface is covered by an evenly spaced, repeated, leaf-like design. The leaf-like design is comprised of a vertical leaf-like design and an immediately adjacent, inverted leaf-like design. The leaves of the leaf like design are connected to each other via a vine design. The base portion includes a ring below which is a cup-shaped bottom portion, with a cross-hatched surface appearance. The base portion is substantially smaller than the upper portion and the central body.

**SO ORDERED.**

Signed March 18th, 2008.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE